**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TERRELL E. ROBINSON**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No.** |
| v. | ) | |
| | ) | |
| **CITY COLLEGES OF CHICAGO** a/k/a | ) | **JURY DEMANDED** |
| **COMMUNITY COLLEGE DISTRICT NO. 508** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, Terrell E. Robinson, by and through his counsel, Antonio L. Jeffrey of Jeffrey Law Office, LLC and complains of Defendant, City Colleges of Chicago a/k/a Community College District No. 508, and states as follows:

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## JURISDICTION & VENUE

1.     This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. Seq., Civil Rights Act of 1866, 42 U.S.C. §1981 and 28 U.S.C. § 1331.

2.     Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant is an employer subject to personal jurisdiction within this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired and continues to be employed by Defendant in this District.

## PARTIES

3.     Plaintiff, Terrell E. Robinson, is and was at all times relevant to this suit an adult African-American male residing in Chicago, Illinois. At all times relevant, Plaintiff has been employed by Defendant. Plaintiff was harmed by Defendant in this District.

4.     Defendant City Colleges of Chicago a/k/a Community College District No. 508 (hereinafter "CCC" or "Defendant") is a system of seven public Illinois community colleges located in the city of Chicago,

County of Cook, State of Illinois. Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII. It has obligations as an indemnitor of conduct of its employees and officers.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      On or about August 21, 2019, Plaintiff timely filed charges of race discrimination and sex discrimination with the Equal Employment Opportunity Commission ("EEOC").[1]

6.      On March 4, 2020, the EEOC issued a Dismissal and Notice of Rights, advising Plaintiff he had 90 days from receipt of the notice to file suit.

7.      On March 6, 2020, Plaintiff received the Notice of Right to Sue from the EEOC. Plaintiff's Complaint is hereby filed in a timely manner. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under Title VII.

## UNDERLYING FACTS COMMON TO ALL COUNTS

8.      Plaintiff was hired by CCC as the Associate Dean of Instruction for CCC's Olive-Harvey College on or about September 10, 2018. To date, Plaintiff continues to serve in that capacity as an employee of CCC.

9.      CCC's Olive-Harvey College is located at 10001 S. Woodlawn, Chicago, Illinois 60628.

10.     Plaintiff is an African-American male.

11.     At all times pertinent hereto, Plaintiff's immediate supervisor and Dean of Instruction at CCC Olive-Harvey College was Stephanie DeCicco ("DeCicco"), who is a white female.

12.     At all times pertinent hereto, Plaintiff performed his job in a satisfactory manner.

13.     Nevertheless, Plaintiff has been harassed and treated differently by DeCicco because of his race, African-American.

14.     In fact, DeCicco has been known to make racially insensitive comments, referring to black men as "angry black men."

15.     Further, because of his race, Plaintiff has been harassed and bullied by DeCicco, which included isolating Plaintiff from CCC events and stripping him of some of his job functions, such as his ability to

---

[1] Plaintiff recently filed a retaliation charge against CCC. That charge is currently pending before the EEOC. Plaintiff has requested a notice of right to sue, which will be issued by the Department of Justice. Upon receipt, Plaintiff will seek leave of court to amend this Complaint to include a Title VII retaliation count.

participate in grant activity, the academic honors club, and to assist with the course scheduling process. These were all things commonly done and the expected job duties of an Associate Dean of Instruction.

16.     Further, DeCicco constantly and intentionally excluded Plaintiff from pertinent interoffice communications necessary for him to adequately function as an Associate Dean of Instruction. Similarly, Plaintiff was also excluded from meetings, that were relevant to the performance of his job, with department chairs and clerical staff.

17.     Plaintiff made several complaints to CCC about DeCicco, including on November 20, 2018, February 8, 2019 and February 25, 2019. Plaintiff subsequently filed a complaint with CCC Equal Employment Opportunity Office, asserting race discrimination, sex discrimination, and retaliation by Stephanie DeCicco.

18.     Plaintiff has been discriminated against by Defendant due to his race.

**COUNT I — RACE DISCRIMINATION**
**<u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq.</u>**

19.     Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

20.     Plaintiff, as an African-American, is a member of a protected class.

21.     Throughout Plaintiff's employment with Defendant, and specifically as a direct report of DeCicco, he was treated differently by DeCicco (white) because of his race, African-American. DeCicco did not harass and bully white employees as she did Plaintiff.

22.     By the conduct described above, Defendant and its agents intentionally discriminated against Plaintiff in his employment because of his race, in violation of Title VII of the Civil Rights Act of 1964.

23.     As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered economic and non-economic damages.

WHEREFORE, Plaintiff, TERRELL E. ROBINSON, respectfully requests that this Court enter an order granting Plaintiff compensatory damages in excess of the jurisdictional amount, attorneys' fees and costs, punitive damages, injunctive and declaratory relief, and any other such relief this Court deems equitable and just.

## COUNT II – RACE DISCRIMINATION
## CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

24.     Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

25.     Plaintiff, as an African-American, is a member of a protected class.

26.     Throughout Plaintiff's employment with Defendant, and specifically as a direct report of DeCicco, he was treated differently by DeCicco (white) because of his race, African-American. DeCicco did not harass and bully white employees as she did Plaintiff.

27.     By the conduct described above, Defendant and its agents intentionally discriminated against Plaintiff in his employment because of his race, in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981.

28.     As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered economic and non-economic damages.

WHEREFORE, Plaintiff, TERRELL E. ROBINSON, respectfully requests that this Court enter an order granting Plaintiff compensatory damages in excess of the jurisdictional amount, attorneys' fees and costs, punitive damages, injunctive and declaratory relief, and any other such relief this Court deems equitable and just.

## COUNT III – RACE DISCRIMINATION
## ILLINOIS HUMAN RIGHTS ACT

29.     Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

30.     Plaintiff, as an African-American, is a member of a protected class.

31.     Throughout Plaintiff's employment with Defendant, and specifically as a direct report of DeCicco, he was treated differently by DeCicco (white) because of his race, African-American. DeCicco did not harass and bully white employees as she did Plaintiff.

32.     By the conduct described above, Defendant and its agents intentionally discriminated against Plaintiff in his employment because of his race, in violation of the Illinois Human Rights Act.

33.     As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered economic and non-economic damages.

WHEREFORE, Plaintiff, TERRELL E. ROBINSON, respectfully requests that this Court enter an order granting Plaintiff compensatory damages in excess of the jurisdictional amount, attorneys' fees and costs, punitive damages, injunctive and declaratory relief, and any other such relief this Court deems equitable and just.

Dated:  June 1, 2020

                __/s/   Antonio L. Jeffrey_____
                   Attorney for Plaintiff

JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey
22 W. Washington St., #1500
Chicago, Illinois 60602
(312) 583-7072
(312) 583-0888 (fax)
service@jeffreylawoffice.com
ARDC #6308345